IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EMMANUEL E. SEWELL        *

   Petitioner           *

      v                 *      Civil Action No. DKC-18-2726

DAYENA CORCORAN,          *
LAURA Y. ARMSTEAD,
                          *
   Respondents
                         ***

# MEMORANDUM OPINION

Petitioner Emmanuel Sewell filed an amended petition for writ of habeas corpus in response to this court's order seeking clarification as to whether he intended to file the petition in this court or in the Circuit Court for Baltimore City. ECF No. 2. The amended petition is difficult to discern; however, it appears that Sewell is seeking relief not available to him in this court on a claim that does not state a federal cause of action and the petition must be dismissed without prejudice. Because he appears to be indigent, Sewell's motion to proceed *in forma pauperis* will be granted.

## Amended Petition

In the "Statement of Origin" section of the form petition Sewell states as follows:

> The Dept. of Corr. Commitment and Disciplinary regulations are unconstitutional and are (prejudice) being used against petitioner/plaintiff in a unconstitutional manner. Putting me under distress, duress, anxiety attacks because no-one follows its own policy that has caused me multiple hospitalizations, interfere with family relations, mail tampering and people interfering with my release because I stand against being extorted by Corr. Staff, Psychology, and Muslims, BGF, Murder Inc., DMI, Bloods intimidation indirect threats against me & family at NBCI, RCI, & Patuxent Inst's.

ECF No. 3 at p. 7. As relief he seeks the appointment of counsel, compensatory and punitive damages, and a preliminary injunction "until permanent/mandatorily released." *Id*. He also

seeks expungement of his criminal and disciplinary records as well as "any other relief to be granted under Americans with disabilities Acts Title II-III §§ 504-506." Further, Sewell asks this court to order the Executive Director of the Inmate Grievance Office (IGO) to restore all diminution of confinement credits "and any other relief from grievance filed with the court for liberal construction." *Id*. The relief sought suggests that Sewell may be seeking to state a § 1983 claim and a claim for mandamus relief, but falls short.

Sewell also provides numerous attachments to the petition including an administrative remedy (ARP) appeal to the IGO indicating that his sentence has "lawfully expired 17 yrs, 5 months ago." ECF No. 3-1 at p. 2. He further argues that "[t]here was no proper authority to revoke any of my credits as state law states in *Massey v. Secretary[,]*" 389 Md. 496, 500 (2005). *Id*. at p. 3. Sewell maintains that his continued incarceration endangers his life as he is subjected to harassment by both correctional officers and inmates belonging to gangs. *Id*.

According to a response provided by the Warden to his ARP, Sewell lost a total of 2,273 diminution of confinement credits due to guilty findings in prison disciplinary proceedings. ECF No. 3-1 at p. 8. On February 26, 2015, 1,113 of those credits were restored. *Id*. Sewell was advised that he could only be considered for restoration of credits once during any term of confinement. *Id*.

With regard to Sewell's claim that the Division of Correction (DOC) Disciplinary Procedures are without statutory authority, he was advised in a memorandum dated December 22, 2008, by David Barthlow, Inmate Hearings Program Director, that:

> [T]he 2006 *Massey* decision of the Maryland Court of Appeals . . . found that the 105 directive series met constitutional standards but that the [DOC] had failed to meet standards from the Administrative Procedures Act (APA) in drafting those procedures. The court then stayed a decision in the case and directed that the [DOC] comply with the APA standards. The [DOC] then complied with the order by the March, 2006 issuing of COMAR, Chapter 12.02.27 (Inmate Discipline).

2

The current legal authority then for DCD 105-1 through DCD 105-11 is State regulations from Chapter 12.02.27 of COMAR.

ECF No. 3-3 at p. 1.

**Analysis**

In *Massey*, 389 Md. at 525, the Maryland Court of Appeals held that the Secretary of the Department of Public Safety and Correctional Services (DPSCS) did not have the authority to adopt regulations pertaining solely to the routine management of correctional facilities and directives regarding inmate disciplinary proceedings had to be adopted pursuant to Maryland's Administrative Procedure Act. *See also* Md. St. Gov't., Code Ann. §§ 10-101 through 10-117. The appellate court specifically recognized that "the directives at issue were put into place in order to comport with Federal due process requirements, so simply declaring them immediately ineffective and leaving nothing in their place is not an option. That would bring prison disciplinary proceedings to a halt." *Massey*, 389 Md. at 525. In order to allow the DPSCS correctly to implement the directives governing inmate disciplinary proceedings, the court delayed the issuance of its mandate and directed its clerk to withhold the mandate for 120 days pursuant to its authority under Md. Rule 8-606(b). *Id*. In short, the appellate court took measures to avoid the creation of a claim such as that advanced by Sewell where all prior disciplinary findings would be invalid.

To the extent that Sewell is seeking mandamus relief through his request for injunctive and declaratory relief, this court does not have jurisdiction over the State employees to whom that directive would be issued. Under 28 U.S.C. § 1361 the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner, but this court has no

mandamus jurisdiction over State employees, such as Respondents in this case. *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969).

To the extent that Sewell seeks monetary damages for the emotional injuries he claims are the result of his continued confinement, his allegations that State laws and regulations have been violated do not constitute a federal claim. In prison disciplinary proceedings where a prisoner faces the possible loss of good conduct credits he is entitled to certain due process protections. *Wolff v. McDonnell*, 418 U.S. 539, 563-64 (1974). These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. *Id*. at 540, 564, 570-71. Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). The mere fact that a DOC rule governing adjustment hearings was violated does not necessarily equal a due process violation. *Riccio v. Fairfax*, 907 F.2d 1459, 1466 (4th Cir. 1990) ("a state does not necessarily violate the constitution every time it violates one of its rules."); *Ewell v. Murray*, 813 F. Supp. 1180, 1183 (W.D. Va. 1993) ("Even if state law creates a liberty interest, violations of due process are to be measured against a federal standard of what process is due.").

Sewell does not allege that the disciplinary proceedings that resulted in revocation of his diminution of confinement credits did not comport with federal due process protections; rather, he claims that the regulations governing disciplinary proceedings were illegally implemented and were without binding legal effect. Under the holding in *Massey*, Sewell is only partially correct. At no time were the entire set of regulations rescinded or declared null and void because the

mandate implementing the decision in *Massey* did not issue until after the regulations were properly implemented under state law. Thus his claim is without merit.

To the extent that Sewell wants to claim that the conditions of his confinement violate the Eighth Amendment, he may do so separately in a civil rights complaint filed pursuant to 42 U.S.C. § 1983. The merits of such claims, to the degree they are raised, are specifically not reached by this decision and are dismissed without prejudice to Sewell's ability to seek relief in a separate civil rights complaint.

A separate order consonant with this Memorandum Opinion follows.


<u>October 10, 2018</u>　　　　　　　　　　　　　<u>　　　　　/s/　　　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　DEBORAH K. CHASANOW
　　　　　　　　　　　　　　　　　　　　　　United States District Judge